UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL JOHNSON,

                      Plaintiff,

v.                                                  Case No. 23-cv-1077-pp

WAUPUN CORRECTIONAL INSTITUTION,

                      Defendant.

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Michael Johnson, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his constitutional rights have been violated. He has paid the full filing fee. This order screens his complaint, dkt. no. 1.

**I.      Screening the Complaint**

      A.      <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case

1

under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff has sued Waupun Correctional Institution. Dkt. No. 1 at 1. He alleges that he believes that "Waupun Corr Inst" violated his rights to be

seen by a medical doctor after he had been complaining about pain since May 2023. Id. at 2. The plaintiff alleges that the officer who transported him to Froedtert Hospital did not want to sign the hospital's rules while he was in their custody, "but I've been going to Froedtert since 2022." Id. He says that on July 14, 2023, he sat in the parking lot at Froedtert Hospital from 10:35 to 1:45 in handcuffs and in pain. Id. According to the plaintiff, "apparently, this CO didn't want to sign the paperwork at Froedtert, and he went in the building as I and his partner sit in the van." Id. at 2-3. When the officer came back, he allegedly said, "I'm not signing that" and "Froedtert security will fax the paperwork to Waupun to the Security Director to see what she says." Id. at 3. The plaintiff alleges that although he was still in pain, the security director said to bring the plaintiff back (presumably, to Waupun) and the plaintiff never received medical attention. Id. He states that he has written several complaints "for them to just take me to the Emergency Room, but their response is contact Health Services Unit[.]" Id. The plaintiff allegedly wrote to the warden, and she allegedly said the same thing. Id. The plaintiff states that he has glaucoma, can barely see out of the one eye he has, and it hurts and is blurry. Id.

For relief, the plaintiff seeks monetary damages. Id. at 4.

C. Analysis

The plaintiff has named Waupun Correctional Institution as the defendant. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's

3

Department of Corrections is a proper defendant." Andreola v. Wisconsin, 171 F. App'x 514, 515 (7th Cir. 2006). Waupun Correctional Institution is one of several institutions within the Department of Corrections. Because it is not a "person" subject to suit under §1983, the plaintiff may not proceed against Waupun.

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

The plaintiff's allegations that he has repeatedly requested, but not received, medical attention for his painful eye condition implicates his rights

4

under the Eighth Amendment. However, as explained above, he cannot not sue Waupun Correctional Institution under §1983 and he has not named any other defendant. The complaint fails to state a claim for relief under 42 U.S.C. §1983.

The court will give the plaintiff the opportunity to file an amended complaint naming the individual defendant or defendants who allegedly did not allow him to receive medical attention. To hold an individual defendant liable under §1983 for a violation of an incarcerated individual's constitutional rights, the plaintiff must show that the defendant was personally responsible for that violation. Rasho v. Elyea, 856 F.3d 469, 478 (7th Cir. 2017) (citing Childress v. Walker, 787 F.3d 433, 439 (7th Cir. 2015)); see also Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." Rasho, 856 F.3d at 478 (citing Sanville, 266 F.3d at 740 (internal quotation marks omitted). While the defendant need not have participated directly in the deprivation of the plaintiff's constitutional right to be held liable, he or she must nonetheless have "'know[n] about the conduct, facilitate[d] it, approve[d] it, condone[d] it, or turne[d] a blind eye for fear of what they might see.'" Id. quoting Matthews v. City of E. St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)).

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil L.R. 9(b). (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list the defendants he wants to sue in the caption of the amended complaint.

5

He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

## II. Conclusion

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **November 17, 2023**. If the court receives an amended complaint

6

by the end of the day on, November 17, 2023, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the above deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

E DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 16th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**