UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL JOHNSON,

                        Plaintiff,

        v.                                        Case No. 23-cv-1077-pp

CO WALTZ,

                        Defendant.

**ORDER SCREENING SECOND AMENDED COMPLAINT (DKT. NO. 12)**

  Michael Johnson, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his rights have been violated. The court screened the complaint and found that the plaintiff's allegations that he had repeatedly requested, but not received, medical attention for his painful eye condition implicated his rights under the Eighth Amendment. Dkt. No. 7 at 4-5. But because the plaintiff did not name any defendant who allegedly failed to obtain medical care for him, the court found that the complaint failed to state a claim. Id. at 5. The court gave the plaintiff an opportunity to file an amended complaint, and he has filed two copies of the same amended complaint (Dkt. Nos. 8, 10) and a second amended complaint (Dkt. No. 12). This order screens the second amended complaint.

**I.      Screening the Second Amended Complaint**

  A.      <u>Federal Screening Standard</u>

  Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental

1

entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d

824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   <u>Allegations in the Second Amended Complaint</u>

The plaintiff alleges that on July 14, 2023, defendant C.O. Waltz, Waltz's partner and the plaintiff arrived at Froedtert Hospital, at which time Waltz entered the building. Dkt. No. 12 at 2. When Waltz returned, he allegedly told his partner he wasn't signing the hospital's rules for visitors. <u>Id.</u> The plaintiff states that he told Waltz he was in pain and had been waiting since May to go to the hospital. <u>Id.</u> Waltz allegedly said that he would have the rules faxed to the security director "to see what she says." <u>Id.</u>

The plaintiff alleges that doctors had diagnosed his medical needs, that he needed treatment and that Waltz previously had taken him to Froedtert several times. <u>Id.</u> at 3. Waltz allegedly knew that the plaintiff is a glaucoma patient and had heard doctors talk to the plaintiff about his pain and the possibility that he could become blind in both eyes if he did not obtain treatment. <u>Id.</u> The plaintiff alleges that because Waltz did not sign the hospital rules to admit him, the plaintiff sat in the van in the hospital parking lot from 10:35 to 1:15 p.m., in pain. <u>Id.</u> He says he had been to the hospital numerous times and there had never been a security issue. <u>Id.</u> The plaintiff says that as of October 20, 2023, he still hadn't been to the doctor or emergency room, and he was still in pain and his vision was becoming blurry. <u>Id.</u>

3

For relief, the plaintiff seeks $100,000 because he can never get his vision back that he is losing. Id. at 4.

C.    <u>Analysis</u>

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. <u>Cesal v. Moats</u>, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." <u>Id.</u> at 721 (quoting <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that either has been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Id.</u> (quoting <u>King v. Kramer</u>, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. <u>Id.</u> (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-38 (1994); <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th Cir. 2005)).

The plaintiff's allegations that Waltz did not allow the plaintiff to enter the hospital and obtain medical care for his eye condition on July 14, 2023, and that he has not been to the doctor since then, implicate the plaintiff rights under the Eighth Amendment. The plaintiff may proceed on an Eighth

4

Amendment claim against Waltz in his individual capacity based on these allegations. It is not clear if Waltz is responsible for the plaintiff not having received medical care for his eye after July 14, 2023, but the court construes the plaintiff's allegations liberally and, at this early stage, he may proceed against Waltz on these allegations.

## II.    Conclusion

The court **ORDERS** that the second amended complaint (Dkt. No. 12) is the operative complaint.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the second amended complaint (Dkt. No. 12) and this order to the Wisconsin Department of Justice for service on defendant C.O. Waltz. Under the informal service agreement, the court **ORDERS** that defendant to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

5

who are not incarcerated or who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 2nd day of January, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6