UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL JOHNSON,

       Plaintiff,

v.                  Case No. 23-cv-1077-pp

CO WALTZ,

       Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 19)**

---

  The plaintiff, who is incarcerated at Racine Correctional Institution and is representing himself, filed this case under 42 U.S.C. §1983. The court screened the second amended complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against defendant CO Waltz for allegedly not letting the plaintiff enter the hospital to obtain medical care for his eye condition on July 14, 2023, and because the plaintiff allegedly has not received medical care for his eye condition since then. Dkt. No. 18 at 4-5. The court ordered Waltz to file a responsive pleading within sixty days—by March 2, 2024. Id. at 5. The plaintiff has filed a motion to appoint counsel. Dkt. No. 19.

  The plaintiff states that he has glaucoma, is blind in his right eye and sees "floaters" in his left eye, which makes it difficult to read at times. Id. at ¶2. The plaintiff says that he believes his vision will hinder his ability to litigate this case and that "[s]ome days [he] see[s], and some blurry." Id. at ¶9. The plaintiff has written three lawyers trying find one on his own. Id. at ¶¶6-8.

1

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer;

and (4) the lawyers' responses. The plaintiff has satisfied the requirement that he try to find a lawyer on his own.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

Based on the plaintiff's filings, the court perceives that the plaintiff is intelligent, capable of advocating for himself and able to communicate well with the court. And the court typically does not recruit counsel before the defendant has filed a responsive pleading. On the other hand, this case concerns vision in

3

Case 2:23-cv-01077-PP   Filed 02/01/24   Page 3 of 4   Document 21

the plaintiff's one eye that still has vision; he has alleged that his vision in that eye has decreased, that his treatable condition is not being treated and that he may become blind in both eyes if he does not obtain treatment. Based on the plaintiff's allegations, the court concludes that the plaintiff's claim is serious and his assertion that his vision makes it difficult to read warrants recruitment of counsel. The court will grant the plaintiff's motion to appoint counsel and attempt to recruit a lawyer to represent the plaintiff.

The court cautions the plaintiff to be patient; often it is difficult to find lawyers willing and able to represent a plaintiff on a volunteer basis. Once the court has found counsel, the court will issue an order notifying the parties. The court advises the plaintiff that he may communicate with the court, as he deems necessary, until the court finds a lawyer to represent him.

The court **GRANTS** the plaintiff's motion to appoint counsel. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 1st day of February, 2024.

                                **BY THE COURT:**

                                **HON. PAMELA PEPPER**
                                **Chief United States District Judge**